FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ SEP 06 2012 ★
BROOKLYN OFFICE
C/M

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X

JIMMIE LLOYD,

       Plaintiff,

  - against -

THE CITY OF NEW YORK, NYC
METROPOLITAN TRANSIT AUTHORITY-
POLICE DEPARTMENT; OFFICERS
BURNS, BLONDEL, WOZNY,

       Defendants.
------------------------------------------------------------ X

**MEMORANDUM
DECISION AND ORDER**

12 Civ. 4303 (BMC) (LB)

**COGAN**, District Judge.

  Plaintiff Jimmie Lloyd has commenced this *pro se* action pursuant to 42 U.S.C. § 1983. The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). The complaint is dismissed against the City of New York and the Metropolitan Transportation Authority Police Department as set forth below. The claims against defendant Police Officers Burns, Blondel and Wozny are referred to the Honorable Lois Bloom, United States Magistrate Judge, for pretrial supervision.

## BACKGROUND

  Plaintiff alleges that on April 13, 2012, he was involved in a physical altercation with another individual, and that Police Officers Blondel, Burns, and Wozny responded to the scene of the fight and arrested plaintiff. Plaintiff further alleges that the defendant officers used excessive force against him, including by pushing his face into a wall, throwing him to the ground, kicking him in the legs, back, and head, and slapping him. He seeks monetary damages.

## STANDARD OF REVIEW

  Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim

on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." However, courts must construe a pro se litigant's pleadings liberally, see Chavis v. Chappius, 618 F.3d 162, 171 (2d Cir. 2010), especially when those pleadings allege civil rights violations, see Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191-93 (2d Cir. 2008). Nevertheless, a complaint must plead enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). Although "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555, 127 S. Ct. (1955)). Similarly, a complaint is insufficient to state a claim "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557, 127 S. Ct. (1955)).

## DISCUSSION

In order to sustain a claim for relief under 42 U.S.C. § 1983 against a municipal defendant, such as the City of New York or the Metropolitan Transportation Authority (MTA),[1] a plaintiff must show the existence of an officially adopted policy or custom that caused injury and a direct causal connection between that policy or custom and the deprivation of a constitutional right. See Monell v. Dep't of Social Servs. of City of New York, 436 U.S. 658,

---

[1] The MTA is a New York City authority and a municipal entity. See Rivera v. Metro. Transp. Auth., No. 09 Civ. 5879, 2010 WL 4545579, at *4 (S.D.N.Y. Nov. 11, 2010); Stevens v. Metro. Transp. Auth. Police Dep't, 293 F. Supp. 2d 415, 420-21 (S.D.N.Y. 2003); Smith v. Metro North Commuter R.R., No. 98 Civ. 2528, 2000 WL 1449865, at *9 (S.D.N.Y. Sept. 29, 2000).

692, 98 S. Ct. 2018 (1978); see also Connick v. Thompson, 131 S.Ct. 1350, 1359, 179 L. Ed. 2d 417 (2011) (municipalities can be held liable for "practices so persistent and widespread as to practically have the force of law"). "Isolated acts of excessive force by non-policymaking municipal employees are generally insufficient to demonstrate a municipal custom, policy or usage that would justify municipal liability." Jones v. Town of East Haven, --- F.3d ---, 2012 WL 3104523, at *6 (2d Cir. Aug. 1, 2012); see also Oklahoma City v. Tuttle, 471 U.S. 808, 823-24, 105 S. Ct. 2427 (1985).

Here, plaintiff does not allege, and nothing in his complaint suggests, that any of the allegedly wrongful acts or omissions on the part of any City or MTA employee are attributable to a municipal policy or custom. Therefore, plaintiff has failed to allege sufficient facts to state a plausible claim against the City of New York or the MTA Police Department. Accordingly, plaintiff's complaint is dismissed as to these defendants.

## CONCLUSION

Plaintiff's *in forma pauperis* complaint is dismissed as to the City of New York and the MTA Police Department for failure to state a claim. See 28 U.S.C. § 1915(e)(2)(B). No summons shall issue against these defendants.

The complaint against defendant Police Officers Burns, Blondel, and Wozny shall proceed. The Clerk of Court shall prepare a summons against defendants Burns, Blondel, and Wozny and the United States Marshals Service shall serve the summons, complaint, and a copy of this Order upon these defendants without prepayment of fees. The case is referred to Magistrate Judge Bloom for pretrial supervision. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in*

*forma pauperis* status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917 (1962).

**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
      September 5, 2012